```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
SUNHONG YIM, JAIME OLARTE and              :
JOSE ACUNA,                                :
Individually and on behalf of all others   :
similarly situated,                        :   14 Civ. 05883 (WFK)(JO)
                            Plaintiffs,    :
                                           :
            -against-                      :   Oral Argument Requested
                                           :
CAREY LIMOUSINE NY, INC.,                  :
CAREY INTERNATIONAL, INC.,                 :
And DOES 1 THROUGH 100, Inclusive,         :
                                           :
                            Defendants.    :
-------------------------------------------------------------X
```

**PLAINTIFF YIM'S OBJECTION TO THE FEBRUARY 3, 2016 ORDER OF
MAGISTRATE JUDGE JAMES ORENSTEIN
WHICH DENIED DISCOVERY TO PLAINTIFF YIM**

Dated: February 16, 2016

> William C. Rand, Esq.
> Law Office of William Coudert Rand
> 501 Fifth Ave., 15th Floor
> New York, N.Y. 10017
> Telephone: (212) 286-1425
> Facsimile: (646) 688-3078
> Email: wcrand@wcrand.com
> *Attorneys for Plaintiff Sunhong Yim*

## **TABLE OF CONTENTS**

Page

Preliminary Statement…………………………………………………………………………. 1

Standard of District Court Review…………………………………………………………….. 3

Procedural History –
Absence of Material Discovery Taken by Plaintiff Yim's Prior Class Counsel…….....… 3

I. The Law is Clear that an Objector to a Proposed Class Settlement has a Right to Documents already Produced in the Action and to Limited Discovery to Test the Strengths and Weaknesses of the Proposed Settlement Because Class Members are Entitled to Know How the Settlement was Reached and to Know the Strengths and Weaknesses of the Proposed Settlement………………………………………….. 3

II. The Documents produced to Plaintiff Yim's prior counsel, Which were Reviewed as Part of the Settlement Negotiation and were the Basis for the Proposed Class Settlement should be Produced to Yim now so that Yim can Determine if the Settlement is Fair and Reasonable……………………………………………….. 7

III. The Documents should be produced to Yim because there is No Burden or Cost in Producing Documents that have Already been Produced Electronically………… 7

IV. A Named Plaintiff who has brought a putative Class Action, has a Right to Review Discovery Produced in Litigation to His Prior Attorney and to Know How the Settlement was Reached……………………………………………………………….. 8

V. The Exhibits to the Settlement Agreement should be Unsealed because FLSA Settlements Are Required to be Made Public on the Court Docket and because the Exhibits do Not Contain Sensitive Confidential Information…………………….. 8

VI. Documents relevant to Plaintiff Yim's Individual Claims Should also be Produced to Assist Yim to evaluate the fairness of the Proposed Class Settlement…………. 9

CONCLUSION……………………………………………………………………………. 9

```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
SUNHONG YIM, JAIME OLARTE and             :
JOSE ACUNA,                               :
Individually and on behalf of all others  :
similarly situated,                       :        14 Civ. 05883 (WFK)(JO)
                        Plaintiffs,       :
                                          :
            -against-                     :        Oral Argument Requested
                                          :
CAREY LIMOUSINE NY, INC.,                 :
CAREY INTERNATIONAL, INC.,                :
And DOES 1 THROUGH 100, Inclusive,        :
                                          :
                        Defendants.       :
---------------------------------------------------------------X
```

**PLEASE TAKE NOTICE** that Plaintiff Sunhong Yim pursuant to Federal Rule of Civil Procedure 72, hereby objects to the Orders issued by Magistrate James Orenstein on February 3, 2016 (Docket #79 and Text Entry on 2/3/16) (together the "Order") and moves the Court, before the Honorable William F. Kuntz, II, for an Order setting aside or modifying so much of the Order as denied Plaintiff's Yim's motion (Docket #69) for:

(1) Production of Exhibits C and D to the Settlement Agreement (driver agreements) which were filed under seal, and an order unsealing the Exhibits;

(2) Production of all documents previously produced electronically to Yim's prior counsel that form the basis for the Proposed Class Settlement; and

(3) Documents relevant to Plaintiff Yim's individual claims, including documents relevant to Yim's Prima Facie Objection to the Proposed Settlement.

**PRELIMINARY STATEMENT**

On February 3, 2016, Magistrate Judge Orenstein issued an order denying Plaintiff Yim's motion to produce (*See* Docket Text entered on February 3, 2016) and an explanatory Civil Conference Minute Order stating:

1

> "As set forth on the record, I denied Plaintiff Yim's request to unseal certain exhibits to the proposed settlement agreement; however, the other parties will on consent disclose those documents to Plaintiff Yim subject to a confidentiality agreement. I also denied plaintiff Yim's remaining requests for the production of discovery."

See Docket #79 entitled Civil Conference Minute Order.

Magistrate Judge Orenstein's Order denying discovery was in error because:

1. The law is clear that a Named Plaintiff Objector to a proposed class settlement has a right to review the discovery already produced in the action and to limited discovery to test the fairness of the proposed settlement; and

2. A Named Plaintiff has a right to discovery produced in a litigation as part of a settlement negotiation which is the basis of a proposed class settlement; and

3. A Named Plaintiff has a right to documents previously produced electronically that are the basis for a Proposed Class Settlement because there is <u>no burden or cost in reproducing documents that have already been produced electronically</u>; and

4. A Named Plaintiff who has brought a putative class action, has a right to review discovery produced in litigation to his prior attorney and to know how the settlement was reached; and

5. The Exhibits to the Settlement Agreement are required to be public and unsealed because FLSA Settlements are required to be made public on the Court Docket and because the Exhibits do not contain sensitive confidential information; and

6. A Named Plaintiff has a right to documents relevant to his individual claims because they are directly relevant to the fairness of the Proposed Class Settlement as they will show the strengths and weaknesses of his and similar class members' claims.

These requested documents are relevant as they will show whether the Proposed Settlement is fair or unfair given the strength of Plaintiffs' claims. Furthermore, the majority of the documents have already been produced to the Settling Plaintiffs' counsel in electronic form and therefore there is no burden on Defendants to produce these documents to Plaintiff Yim. Accordingly, the Court should set aside or modify the Order.

2

## Standard of District Court Review

The District Court "must consider timely objections [to the Magistrate's Order] and modify any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. Rule 72(a).

## Procedural History –
## Absence of Material Discovery Taken by Plaintiff Yim's Prior Class Counsel

The prior Class Counsel representing Yim obtained no documents through discovery but did review certain documents voluntarily produced by Defendants solely for discovery purposes. The Complaint was filed on October 7, 2014, and an Amended Complaint was filed on March 27, 2015. An Answer to the Amended Complaint was filed on April 10, 2015. Plaintiffs took the deposition of Defendants' CEO prior to obtaining any documents in discovery. Defendants never produced any formal discovery but produced electronic copies of documents exclusively for settlement purposes, and the parties participated in a mediation on March 20, 2015. The parties other than Plaintiff Yim agreed to a settlement after the mediation. *See* Plaintiff Yim's Objection to Magistrate Judge Orenstein's Report and Recommendation recommending preliminary approval of the Proposed Class and Collective Action Settlement and the exhibits thereto, cited in support of this objection as well. (Docket No. 73 et seq.).

**I.  The Law is Clear that an Objector to a Proposed Class Settlement has a Right to Documents already Produced in the Action and to Limited Discovery to Test the Strengths and Weaknesses of the Proposed Settlement Because Class Members are Entitled to Know How the Settlement was Reached and to Know the Strengths and Weaknesses of the Proposed Settlement**

The law is clear that an objector to a Proposed Class Settlement has a right to documents already produced in the action and to limited discovery to test the strengths and weaknesses of the Proposed Settlement because Class members are entitled to know how the

3

Settlement was reached and to know the strengths and weaknesses of the proposed settlement. *Saylor v. Lindsley*, 456 F.2d 896, 901 (2d Cir. 1972)(J. Friendly); *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975).

The leading case governing discovery by an objector in the Second Circuit is *Saylor v. Lindsley*, 456 F.2d 896, 901 (2d Cir. 1972)(J. Friendly). In *Saylor*, The Second Circuit held that the plaintiff in a stockholder derivative suit, who was represented by new counsel and had objected to the proposed settlement of the suit, had not been given a proper discovery related to the fairness of the proposed settlement and remanded the case so that the "plaintiff through his new counsel, and other objectors should be allowed to delve somewhat more deeply into the merits of this action; whether it should be done by further discovery, or by taking evidence in open court, or by both, is for the district court to determine in the exercise of sound discretion." Id. at 904. The Court held that where a named plaintiff objects to a settlement negotiated by his prior counsel, the court is required "to exercise particular care to see to it that the non-assenting plaintiff has had a full opportunity to develop the basis for his objection." *Id.* at 901. In *Saylor*, the court noted that there "had been little discovery of documentary evidence" and that the depositions were taken only of adversaries and "helpful testimony from them could be obtained only by confronting them with documents they would find difficult to explain,"which had not yet been subject to discovery. *Id*. at 901. The court in *Saylor* held that "in passing on the settlement of a derivative suit [], the judge must have 'apprised himself of all facts necessary for an intelligent and objective opinion of the probabilities of ultimate success should the claim be litigated.'" (c*iting Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424-425 (1968)). *See also Charron v. Wiener*, 731 F.3d 241, 247 (2d Cir. 2013) (stating "where objectors raise cogent factual

4

objections to the settlement, and prior discovery was insufficient or non adversarial, we instruct district courts to exercise particular care to see to it that the non-assenting plaintiff [or, by logical extension, objecting class member] has had a full opportunity to develop the basis of his objection." *Id.* at 247 (citations omitted).

The Third Circuit case has similar case law. See *Girsh v. Jepson*, 521 F.2d 153, 157 (3d Cir. 1975). In *Girsh*, the Third Circuit reversed the district court's final approval of a class action settlement and remanded for clarification of the record. *Id*. at 154-55, 159-60. The Girsh court found the record inadequate to support the settlement. *Id*. at 154-55, 157, 159-60. Among the court's findings was the fact that the "objector . . . was not afforded an adequate opportunity to test by discovery the strengths and weaknesses of the proposed settlement." *Id.* at 157. The court found that the objector there was "entitled to at least a reasonable opportunity to discovery" against the plaintiffs and defendants. *Id*. The decision to grant discovery was predicated on the inadequacy of the record upon which the settlement was approved and the "totality of the circumstances surrounding the settlement hearing" in which the objector was denied meaningful participation. *Id. See* also *In re Community Bank of North Virginia*, 418 F.3d 277, 316-17 (3d Cir. 2005) (reversing district court's failure to permit discovery by objector with instructions that the district court "develop fully the record and reevaluate whether an order limiting discovery was appropriate in light of its duty to 'employ procedures that it perceives will best permit it to evaluate the fairness of the settlement.") *Id.* (*quoting In re Prudential Ins. Co. of Am. Sales Practice Litig*., 962 F. Supp. 450, 563 (D.N.J. 1997). See 2 Herbert B. Newberg, Newberg on Class Actions § 11:56 (2d ed. 1985) ("The criteria relevant to the court's decision of whether or not to permit discovery are the nature and

5

amount of previous discovery, reasonable basis for the evidentiary requests, and number and interests of objectors.").

The Delaware Chancery Court case entitled *Ginsburg v. Philadelphia Stock Exchange, Inc.*, 2007 Del. Ch. LEXIS 142, 2007 WL 2982238 (Del Ch. 2007) is almost exactly on point. In *Ginsburg*, objectors sought to review "the materials prepared for the mediation that ultimately led to th[e] settlement." Id. The court granted the objectors access to the materials stating:

> Objectors to a proposed settlement generally may take discovery into only (1) the good faith of the class representative (how negotiations were initiated, how they proceeded, when various aspects of the settlement were reached) and (2) the competence of the settlement (the timing of the settlement in the context of the litigation, the soundness of judgment to settle the case). [11] With respect to the latter, objectors should be able to ascertain the settlement from the vantage point of the class representative: "[t]hus, what they knew when; how settlement negotiations commenced, proceeded and concluded; and what motivated or animated their choices would be core areas of legitimate inquiry." [12] To effect this, the Court will permit the objectors to review "the court file in the case, all discovery that has already been taken and any other pertinent information generally available." [13] This rule serves the dual purpose of limiting discovery in the context of a settlement hearing and permitting objectors to fairly consider the judgment of the class representative in agreeing to settle.

*Id.* at *3. *See In re Amsted Indus., Inc. Litig.*, 521 A.2d 1104, 1108 (Del. Ch. 1986); accord 7B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1796.1 (supp. 2007) ("It is important to ensure that opponents have access to sufficient information to be able to present the facts underlying their resistance to a particular settlement proposal. In that way, the court can test the true fairness of the proposal.").

Accordingly, where as in this case the settlement was based on minimal discovery and the Named Plaintiff has obtained new counsel and objected to the

Proposed Settlement, the Objecting Plaintiff has a right to reasonable discovery to determine the fairness of the settlement.

II. **The Documents produced to Plaintiff Yim's prior counsel, Which were Reviewed as Part of the Settlement Negotiation and were the Basis for the Proposed Class Settlement should be Produced to Yim now so that Yim can Determine if the Settlement is Fair and Reasonable**

The Documents produced to Plaintiff Yim's prior counsel which were reviewed as part of the Settlement negotiation and were the basis for the Proposed Class Settlement should be produced to Yim now so that he can determine if the Settlement is fair and reasonable. The documents upon which the settlement is based should be produced to Yim as a Plaintiff and as a potential objector so that he can properly assess the Proposed Settlement and provide his comments to the Court and to the Class.

Plaintiff Yim has brought a putative class action and has a duty to investigate the Proposed Class Settlement on behalf of the putative class and to protect the class. As the Named Representative Plaintiff in this action, Yim should have a right to review the documents produced in the action. Only by reviewing the documents can he evaluate the fairness of the Proposed Class Settlement and communicate to the Court and to the Class his opinion of the Settlement. The Court should welcome Mr. Yim's assistance in evaluating the Settlement. *See* Section I, *Supra*.

III. **The Documents should be Produced to Yim because there is No Burden or Cost in Producing Documents that have Already been Produced Electronically**

The documents produced by Defendant to the Settling Plaintiffs' attorney were all produced electronically and therefore there should be minimal burden in simply copying these documents onto a hard drive and delivering it to Yim.

7

**IV.** **A Named Plaintiff who has brought a putative Class Action, has a Right to Review Discovery Produced in Litigation to His Prior Attorney and to Know How the Settlement was Reached**

A Named Plaintiff who has brought a putative class action, has a right to review discovery produced in litigation to his prior attorney and to know how the settlement was reached. A Named Plaintiff should have access to the discovery produced to his prior attorney in a litigation. Here documents were produced to Named Plaintiff Yim's prior attorney to form the basis for the Proposed Class Action Settlement. Accordingly, now that Yim has a new attorney, he should have a right to review those documents with his new attorney to get a second opinion as to whether the documents justify the Proposed Class Settlement. *See* Section I, *Supra*.

**V.** **The Exhibits to the Settlement Agreement should be Unsealed because FLSA Settlements Are Required to be Made Public on the Court Docket and because the Exhibits do Not Contain Sensitive Confidential Information**

FLSA settlements are required to be filed publicly on the court docket. *See Martinez v. Hilton Hotels Corp.,* 2013 U.S. Dist. Lexis 117738, n. 4 (E.D.N.Y. Aug. 20, 2013). The Martinez decision stated at note 4:

> At least one court has concluded that FLSA settlements should virtually never be sealed. *See Stalnaker v. Novar Corp.*, 293 F. Supp. 2d 1260, 1264 (M.D. Ala. 2003) ("The settlement at issue here does not involve trade secrets, informants, children, or scandalous or libelous information. A business's general interest in keeping its legal proceedings [*6] private does not overcome the presumption of openness in the circumstances presented in this case."). Some courts have ruled that even "mutual agreement by the parties to seal an FLSA settlement agreement is insufficient to prevent its disclosure." *Martinez v. Ragtime Foods of New York, Inc.,* No. 11 Civ. 1483 (JG) (CLP), 2011 U.S. Dist. LEXIS 130357, 2011 WL 5508972, at *2 (E.D.N.Y. Nov. 10, 2011). Others have also forcefully argued for a "no confidentiality" rule for wage and hour settlements. See, e.g., Elizabeth Wilkins, Article, Silent Workers, Disappearing Rights: Confidential Settlements and the Fair Labor Standards Act, 34 Berkeley J. of Empl. & Lab. L. 109, 112 (2013) (collecting cases that have barred confidentiality provisions in FLSA

8

settlements and arguing that "the rights of the general public and of similarly situated workers to know when employers have violated the FLSA outweigh private litigants' interests in keeping a settlement confidential").

*Id.* The recent Second Circuit case entitled *Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199 held further that FLSA settlements may not be confidential and must be approved by the Court. *See Souza v. 65 St. Marks Bistro*, 2015 U.S. Dist. LEXIS 151144, S.D.N.Y. Nov. 6 2015) (striking confidentiality provisions and citing case law since *Cheeks* case). *See also Lugosch v. Pyramid Co. of Onondaga, EklecCo LLC*, 435 F. 3d 110 (2d Cir. 2006) (holding papers filed with court should be made public barring extraordinary circumstances).

Here, the driver agreement Exhibits do not contain trade secrets or other confidential information and therefore there is no compelling need to keep them confidential. Furthermore they are going to be mailed to hundreds of class members if the settlement is preliminary approved and therefore will not remain entirely confidential. Accordingly, Exhibits C and D should be unsealed and made public on the docket.

**VI. Documents relevant to Plaintiff Yim's Individual Claims Should also be Produced to Assist Yim to evaluate the fairness of the Proposed Class Settlement**

Documents relevant to Plaintiff Yim's individual claims should also be produced to Assist Yim to evaluate the fairness of the Proposed Class Settlement. These documents will enable Plaintiff Yim to evaluate the fairness of the Proposed Class Settlement. These documents relate directly to Yim's objection to the Proposed Class Settlement in that they will confirm his prima facie showing of the validity of his claims which are similar to the Class claims. *See* Section I, *Supra*.

**CONCLUSION**

Accordingly, Yim objects to the Magistrate's Order and requests that it be set aside and that the Court grant Yim's request that (a) the Exhibits to the collective and class action

9

Proposed Settlement Agreement be unsealed; (b) the documents produced to Plaintiff Yim's prior counsel for the purpose of justifying the Settlement be produced to Yim; and (c) documents related to Plaintiff Yim's individual claims be produced to Yim.

Dated: February 16, 2016

/s/ William C. Rand
William C. Rand, Esq.
Law Office of William Coudert Rand
501 Fifth Ave., 15th Floor
New York, N.Y. 10017
Telephone: (212) 286-1425
Facsimile: (646) 688-3078
Email: wcrand@wcrand.com
*Attorneys for Plaintiff Sunhong Yim*